C. Frank Spurling, Appellee, v. Vernon Reich et al., Appellants.

Gen. No. 44,749.

Opinion filed March 11, 1949. Released for publication March 22, 1949.

LESLIE J. SMITH, JR., of Forest Park, for appellants.

LLOYD W. LEHMAN, of Chicago and Forest Park, for appellee.

MR. JUSTICE TUOHY delivered the opinion of the court.

The defendants, a municipal corporation, the mayor, commissioners, and clerk of the Village of Forest Park, Illinois, come here on an interlocutory appeal from a temporary injunction entered January 10, 1949, restraining the individual defendants from adopting an ordinance containing an emergency clause authorizing the installation of parking meters in the village, and restraining the defendants from interfering in

any way with the right of plaintiff to petition for a referendum on said ordinance ''as long as it shall contain'' the emergency clause. The emergency clause, designated Section 3, is as follows:

''The Safety Commission, Police Department and Council of the Village of Forest Park have found the present unregulated vehicular parking is causing many motorists to double park their vehicles on the Village streets, thereby creating a traffic hazard which has and will in the future continue to take a toll of life, limb and property unless the parking of vehicles is regulated by and through the method and means herein described. This ordinance is declared to be urgent and necessary for the immediate preservation of the public peace, health, and safety of the general public, and shall therefore take effect and be in full force from and after its passage, approval and publication as is by law required.''

The council of the Village of Forest Park on October 8, 1948, by motion authorized the mayor and village clerk to enter into a contract with the Karpark Corporation for the installation of the parking meters on a six months' trial basis. The proposal on which the contract was entered provided that payment for the meters would be made from receipts of their operation and that there should be no obligation on the part of the village to pay for the same from any other source. The contract was made on November 3. Several ordinances were thereafter proposed, and on January 3, 1949, the ordinance here under consideration was introduced and laid over to January 10. Before any action was taken on the proposed ordinance the temporary injunction restraining its adoption was issued.

The Cities and Villages Act (ch. 24, Ill. Rev. Stats. 1947 [Jones Ill. Stats. Ann. 21.1111 *et seq.*]) provides that no ordinance shall go into effect before thirty

days from the time of its passage, the relevant section (19–53 [Jones Ill. Stats. Ann. 21.1495]) of the Act providing as follows:

"No ordinance passed by the council granting any franchise, right or license to occupy or use the streets, . . . within the municipality by a public utility, shall go into effect before thirty days from the time of its passage by the council. If, during this thirty day period, a petition signed by electors of the municipality equal in number to at least ten per cent of the number of votes cast for the candidates for mayor at the last preceding general quadrennial municipal election, protesting against the passage of such an ordinance, is presented to the council, the ordinance thereupon shall be suspended from going into operation, and the council shall submit the ordinance, as provided in section 19–54, to a vote of the electors of the municipality. . . ."

Section 19–69 [Jones Ill. Stats. Ann. 21.1511] of the same Act provides in pertinent part as follows:

"Except when otherwise required by the laws of the State, including this Act, and except local improvement ordinances, and except an ordinance for the immediate preservation of the public peace, health, or safety, which contains a statement of its urgency and is passed by a vote of at least four members of the council, no ordinance passed by the council shall go into effect before thirty days from the time of its final passage. . . ."

It thus appears that an ordinance passed with an emergency provision becomes effective immediately, and the thirty day period within which a petition for referendum under sec. 19–53 may be made, is eliminated.

Plaintiff contends that no emergency such as is recited in the ordinance (section 3 quoted above) exists, and that by such subterfuge he, as well as other citizens and taxpayers, is deprived of his right to referendum.

Defendants raise a number of questions. The only one we deem it necessary to consider for a proper determination of the case is whether or not a court of equity is authorized to restrain the legislative act of a legally constituted law making body prior to the exercise of such function.

In the case of *Roby v. City of Chicago,* 215 Ill. 604, this question was considered on a suit by a taxpayer to enjoin passage of an ordinance and the making of a contract. The court, after a lengthy discussion of the subject, summarized its position in the following language at pages 609, 610:

". . . The general rule is, that a court of chancery will not enjoin the exercise by a city council of a legislative power, such as the granting of a street railway ordinance. (*Stevens v. St. Mary's Training School,* 144 Ill. 336; *Dickey v. Reed,* 78 id. 261; *State v. Superior Court of Milwaukee County,* 48 L. R. A. 819.) . . . The courts generally exercise their restraining power against the enforcement, rather than the passage, of unauthorized contracts, resolutions or ordinances by municipal corporations.

". . . In *Stevens v. St. Mary's Training School, supra,* on page 351, the court, after an exhaustive review of the authorities, said: 'The weight of authority and the tendency of the more recent decisions are in favor of the position that the restraining power of the courts should be directed *against the enforcement, rather than the passage, of unauthorized orders and resolutions, or ordinances,* by municipal corporations.' " (Italics ours.)

The courts from the early days of the republic have been concerned to guard the respective and distinctive prerogatives of each of the legislative, the executive, and the judicial branches of government. Thus, in the case of *Spies v. Byers,* 287 Ill. 627, involving a suit by a taxpayer to enjoin the printing of ballots, and holding that the injunction should not have been granted, the court said at page 631:

". . . Courts are endowed by the constitution with judicial power, only, and are prohibited from interfering with other branches of the government in the exercise of their powers. They cannot obstruct the exercise of legislative functions, and have no more right to interfere in the process of legislation where the final act is the exercise of legislative power at an election than there would be at any other stage of the process. . . . Courts have no general power to consider proposed and uncompleted legislation to determine whether an act will be valid or invalid if enacted into law. After legislation has been completed, the courts, in determining the rights of litigants respecting personal, civil or property rights, may, and it is their duty to refuse to enforce a statute which is invalid, but their jurisdiction is limited to the determination of such rights. . . ."

In the case of *Fletcher v. City of Paris,* 377 Ill. 89, where a taxpayer of the City of Paris sought to enjoin a referendum on an ordinance, the court said at pages 96–99:

". . . The courts have no more right to interfere with or prevent the holding of an election which is one step in the legislative process for the enactment or bringing into existence a city ordinance, *than they would have to enjoin the city council from adopting the ordinance* in the first instance. . . .

"As already observed, the obvious and predominate purpose of this suit was to have ordinance No. 6, at the suit of the taxpayers, declared invalid prior to the time it had passed through all the legislative processes necessary to give it life. The validity of an ordinance cannot be thus prematurely and circuitously attacked in the courts. The courts have no such control over legislation by municipalities in this State." (Italics ours.)

We conclude, therefore, from a review of the foregoing and many other authorities in this State,

that the court was without authority to interfere with this legislative body in its consideration and adoption of this ordinance or any of its paragraphs.

Counsel for defendants cites a number of cases to the effect that the discretion exercised by the village council in determining that an emergency exists and proposing to so recite in the contemplated ordinance is the exercise of a function with which the courts have no right to interfere. In view of our conclusion in this matter, we do not deem it necessary to analyze this contention, but for the reason indicated above the order of the superior court of Cook county granting the temporary injunction herein is reversed.

*Reversed.*

NIEMEYER, J., concurs.

FEINBERG, P. J., took no part.